(No. 16175.—Decree affirmed.)

CECELIA MILLER *et al.* Plaintiffs in Error, *vs.* PETER MILLER, Defendant in Error.

*Opinion filed February 17, 1925.*

1. PARTITION—*when chancellor may deny a rehearing of evidence.* The chancellor exercises no abuse of discretion in denying a rehearing of evidence for the purpose of allowing experts to testify that the signatures to a certain deed are not in the handwriting of the grantors, where such evidence is merely cumulative and it is not shown that any attempt was made to secure the same on the original hearing.

2. SAME—*when finding that signatures to a deed are genuine must be affirmed.* A decree of the chancellor, based on his finding that the signatures to a certain deed are genuine after seeing the witnesses and hearing them testify, must be affirmed, where the Supreme Court is unable to say, after a full examination of the record, that the decree is manifestly against the weight of evidence.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

FOREST GARFIELD SMITH, (O'BRIEN, PRYSTALSKI & OWEN, of counsel,) for plaintiffs in error.

O'DONNELL & TOOLEN, (JOSEPH R. ROACH, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review the decree. of the circuit court of Cook county dismissing for want of equity a bill for partition filed by plaintiffs in error.

The real estate in question is property formerly owned by defendant in error, Peter Miller, and his brother, Michael Miller, as tenants in common. They came to this country from Greece more than twenty years ago and engaged in business as partners. In 1910 they owned the property in question and another property in Chicago. About that time Michael married Cecelia Spizzirri. Shortly after this marriage the partnership was dissolved and each of the partners thereafter conducted his separate business. About three years after this settlement Michael returned to his native country and there died. Defendant in error contends that Michael and his wife, Cecelia, executed and delivered to him a warranty deed conveying to him all of their interest in the property at the time of the dissolution of the partnership. Plaintiffs in error deny that the deed to the property in question was executed as claimed, and allege that the signatures "Mike Miller" and "Celia Miller" appearing on the deed are forgeries. L. Papadimitris, who has been connected with the office of the Greek consul at Chicago for twenty-four years, testified that he prepared the deed in question, that it was signed by Michael Miller and his wife, Cecelia, in his presence, and that he took their acknowledg-

ment as a notary public. Two other witnesses, who were present at the time the deed was executed, corroborated his statement. Cecelia is the only witness who directly contradicts this testimony. She denies that she signed the deed and expresses the opinion that the signature "Mike Miller" is not that of her deceased husband. Two other witnesses express the opinion that the signature "Celia Miller" is forged. The chancellor, who saw these witnesses and heard them testify, held that the signatures were genuine.

During the term a petition for rehearing was filed by plaintiffs in error, and on the hearing on this petition two expert witnesses testified that the signatures to the deed were not made by the same persons as other signatures proven to be the genuine signatures of Michael and Cecelia Miller. This evidence was merely cumulative, and it was not shown that plaintiffs in error made any attempt to secure the testimony of these experts on the original hearing. The chancellor did not abuse his discretion in denying the rehearing.

This court cannot say, from a full examination of the record, that the decree of the chancellor is manifestly against the weight of the evidence. That being the state of the record, the decree must be affirmed.

Plaintiffs in error have filed in return to the writ of error the transcript of the record of the original decree and of the record of the order denying the rehearing and have incorporated what purports to be a certificate of evidence in each record, and counsel for both parties have argued the case as a consolidated cause and we have so considered it. There are several questions of procedure apparent on the face of the record which, if decided, would defeat plaintiffs in error, but inasmuch as these questions are not raised and argued we do not discuss them. The only questions considered are those specifically discussed and decided.

The decree of the circuit court is affirmed.

*Decree affirmed.*